**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLA JOSEPHINE ROSENFIELD, a married woman, *Plaintiff-Appellant*, v. GLOBALTRANZ ENTERPRISES, INC., a Delaware corporation; ANDREW J. LETO, an Arizona citizen, husband; ANTHONY ALBANESE, a Florida citizen, husband, *Defendants-Appellees*. | No. 13-15292 D.C. No. 2:11-cv-02327-NVW OPINION |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted
April 16, 2015—San Francisco, California

Filed December 14, 2015

Before: Alex Kozinski and Susan P. Graber, Circuit
Judges, and Dee V. Benson,[*] District Judge.

---

[*] The Honorable Dee V. Benson, United States District Judge for the District of Utah, sitting by designation.

Opinion by Judge Graber;
Dissent by Judge Benson

## SUMMARY[**]

### Labor Law

The panel reversed the district court's summary judgment in favor of the employer on an employee's claim under the anti-retaliation provision of the Fair Labor Standards Act.

Applying the "fair notice" test for deciding whether the employee had "filed any complaint," the panel considered whether, pursuant to *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1 (2011), the complaint was "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." The panel held that a complaining employee's position is an important part of the "context" that the fact-finder must consider, but the panel declined to formulate or adopt a special bright-line rule to apply when considering whether a manager has "filed any complaint" within the meaning of 29 U.S.C. § 215(a)(3).

The panel held that a jury reasonably could find that the employee filed a complaint. It therefore reversed the district court's summary judgment and remanded for further proceedings.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Dissenting, Judge Benson wrote that the FLSA requires a manager to step outside of his or her role as a manager in order to file a complaint. He would affirm on the ground that all of the employee's actions fell within the ambit of her managerial duties, and she did not take a position adverse to that of her employer.

**COUNSEL**

Timothy J. Casey (argued), Schmitt Schneck Smyth Casey & Even, P.C., Phoenix, Arizona, for Plaintiff-Appellant.

Dinita L. James (argued), Gonzalez Saggio & Harlan LLP, Phoenix, Arizona, for Defendants-Appellees.

Melissa A. Murphy, Senior Attorney, M. Patricia Smith, Solicitor of Labor, Jennifer A. Brand, Associate Solicitor, and Paul L. Frieden, Counsel for Appellate Litigation, United States Department of Labor, Washington, D.C.; and P. David Lopez, General Counsel, Jennifer S. Goldstein, Associate General Counsel, Carolyn L. Wheeler, Assistant General Counsel, and Susan L. Starr, Attorney, United States Equal Employment Opportunity Commission, Washington, D.C., for Amici Curiae Secretary of Labor and Equal Employment Opportunity Commission.

**OPINION**

GRABER, Circuit Judge:

In *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 131 S. Ct. 1325, 1335 (2011), the Supreme Court established a "fair notice" test for deciding whether an employee has "filed any complaint" under the anti-retaliation provision of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 215(a)(3): "[A] complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." We hold that a complaining employee's position as a manager is an important part of the "context" that the fact-finder must consider. A reasonable employer would understand many actions taken by a non-managerial employee differently than it would understand the same actions taken by a manager. But we decline to formulate or adopt a special bright-line rule to apply when considering whether a manager has "filed any complaint" within the meaning of § 215(a)(3). We further hold that, on this record and applying *Kasten*'s "fair notice" rule, a jury reasonably could find that Plaintiff Alla Josephine Rosenfield, a managerial employee, filed such a complaint. Accordingly, we reverse the district court's grant of summary judgment to the employer and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant GlobalTranz Enterprises, Inc., provides transportation management services in Arizona. It "specializes in brokering truckload and supply chain logistics

and warehousing." The company operates, among other things, a call center and a customer service department.

In April 2010, GlobalTranz hired Plaintiff Alla Rosenfield as Manager of Human Resources. The company promoted her later that year to Director of Human Resources and, in early 2011, to Director of Human Resources and Corporate Training. Throughout her employment, Plaintiff reported to her superiors that the company was not compliant with the FLSA, and she repeatedly sought changes to attain statutory compliance.

On May 31, 2011, GlobalTranz fired Plaintiff. She then filed this action, alleging that GlobalTranz and its executives had violated the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3), and an Arizona state law. Plaintiff alleges that GlobalTranz fired her for engaging in protected activity, that is, for complaining to other managers and to executives that GlobalTranz was failing to comply with the FLSA.

The district court granted summary judgment in Defendants' favor on the FLSA claim. Even though the district court recognized that Plaintiff had "advocated consistently and vigorously on behalf of . . . GlobalTranz's employees whose FLSA rights Plaintiff thought were being violated," the district court held that she nevertheless was not entitled to the protections of § 215(a)(3) because she had not "filed any complaint" for purposes of that provision. Plaintiff voluntarily dismissed the state-law claim, the court entered a final judgment, and this timely appeal followed. We have jurisdiction, *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064 (9th Cir. 2002), and our review is de novo, *Solis v. Washington*, 656 F.3d 1079, 1083 (9th Cir. 2011).

DISCUSSION

A.  *The Legal Standard*

The FLSA provides that it is unlawful for an employer

> to discharge or in any other manner
> discriminate against any employee because
> such employee has filed any complaint or
> instituted or caused to be instituted any
> proceeding under or related to this chapter, or
> has testified or is about to testify in any such
> proceeding, or has served or is about to serve
> on an industry committee[.]

29 U.S.C. § 215(a)(3).  The FLSA defines "employee" as "any individual employed by an employer" and, in turn, defines "employ" as including "to suffer or permit to work." *Id.* § 203(e)(1), (g).  Although a manager, Plaintiff meets the broad statutory definition of "employee."  We must next consider when a manager, as opposed to a non-managerial employee, has "filed any complaint" under § 215(a)(3).

    "[B]ecause the FLSA is a remedial statute, it must be interpreted broadly."  *Lambert v. Ackerley*, 180 F.3d 997, 1003 (9th Cir. 1999) (en banc); *see also Navarro v. Encino Motorcars, LLC*, 780 F.3d 1267, 1271 (9th Cir. 2015) (holding that "we must apply the background rule that the FLSA is to be construed liberally in favor of employees" (internal quotation marks and brackets omitted)), *petition for cert. filed*, 84 U.S.L.W. 3201 (U.S. Sept. 30, 2015) (No. 15-415).  Moreover, this specific statutory provision broadly encompasses the filing of "*any* complaint."  29 U.S.C. § 215(a)(3) (emphasis added); *see Kasten*, 131 S. Ct. at 1332

(holding that "the phrase '*any* complaint' suggests a broad interpretation").  An expansive anti-retaliation provision is consistent with "the Act's basic objective[]" of improving labor conditions through substantive wage and hour standards. *Kasten*, 131 S. Ct. at 1333.

> For weighty practical and other reasons, Congress did not seek to secure compliance with prescribed standards through continuing detailed federal supervision or inspection of payrolls.  Rather it chose to rely on information and complaints received from employees seeking to vindicate rights claimed to have been denied.  Plainly, effective enforcement could thus only be expected if employees felt free to approach officials with their grievances. . . .  [I]t needs no argument to show that fear of economic retaliation might often operate to induce aggrieved employees quietly to accept substandard conditions.

*Mitchell v. Robert de Mario Jewelry, Inc.*, 361 U.S. 288, 292 (1960); *see also Kasten*, 131 S. Ct. at 1333 (discussing this background and quoting *Mitchell*); *Lambert*, 180 F.3d at 1003 (same).

But the FLSA "also seeks to establish an enforcement system that is fair to employers." *Kasten*, 131 S. Ct. at 1334. "To do so, the employer must have fair notice that an employee is making a complaint that could subject the employer to a later claim of retaliation." *Id.*; *see also Lambert*, 180 F.3d at 1007 ("Of course, in order to find protection under § 215(a)(3), an employee must actually

communicate a complaint to the employer. . . . [N]ot all amorphous expressions of discontent related to wages and hours constitute complaints filed within the meaning of § 215(a)(3).").   Whether a complaint has been filed that provides adequate notice to the employer is a question "to be resolved as a matter of factual analysis on a case-by-case basis." *Lambert*, 180 F.3d at 1008.  And, as we noted at the outset, the Supreme Court has defined the legal rule that a fact-finder must apply:  "To fall within the scope of the antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Kasten*, 131 S. Ct. at 1335.

The employee's job title and responsibilities—in particular, whether he or she is a manager—form an important part of that "context."   Generally speaking, managers are in a different position vis-a-vis the employer than are other employees because (as relevant here) their employer expects them to voice work-related concerns and to suggest changes in policy to their superiors.  That may be particularly true with respect to upper-level managers who are responsible for ensuring compliance with the FLSA.

If an entry-level employee reported that someone is underpaid in violation of the FLSA and requested that the employee be compensated in compliance with the Act, a reasonable employer almost certainly would understand that report as a "complaint" (depending, of course, on all the circumstances).  But if the identical report were made by a manager tasked with ensuring the company's compliance with the FLSA, a reasonable employer almost certainly would *not* understand that report as a "complaint" (again, depending

on all the circumstances).  Rather, the employer naturally would understand the manager's report as carrying out his or her duties.  In short, when determining whether an employee has "filed any complaint," the employee's role as a manager often is an important contextual element.

Before we apply *Kasten*'s "fair notice" rule to the facts of this case, though, we must consider the parties' arguments concerning our sister circuits' precedents.  In the years before the Supreme Court decided *Kasten*, several of our sister circuits published opinions assessing whether a manager had filed a complaint for purposes of § 215(a)(3).  *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 627–30 (5th Cir. 2008); *Claudio-Gotay v. Becton Dickinson Caribe, Ltd.*, 375 F.3d 99, 102–03 (1st Cir. 2004); *McKenzie v. Renberg's Inc.*, 94 F.3d 1478, 1485–87 (10th Cir. 1996).  Those cases correctly recognized both that a manager may, in some circumstances, file a complaint under § 215(a)(3) and that an employee's managerial position is an important contextual element that must be considered when assessing whether the employee has filed a complaint.  *Hagan*, 529 F.3d at 627–28; *Claudio-Gotay*, 375 F.3d at 102; *McKenzie*, 94 F.3d at 1486–87.

Without the benefit of *Kasten*'s generalized "fair notice" rule, our sister circuits adopted a manager-specific legal standard.  With respect to managers, our sister circuits formulated the rule this way:  "In order to engage in protected activity under § 215(a)(3), the employee must step outside his or her role of representing the company and either file (or threaten to file) an action adverse to the employer, actively assist other employees in asserting FLSA rights, or otherwise engage in activities that reasonably could be perceived as directed towards the assertion of rights protected by the

FLSA." *McKenzie*, 94 F.3d at 1486–87 (footnote omitted); *see Hagan*, 529 F.3d at 627–28 (agreeing with *McKenzie*'s rule); *Claudio-Gotay*, 375 F.3d at 102 (same); *see also Brush v. Sears Holdings Corp.*, 466 F. App'x 781 (11th Cir. 2012) (unpublished) (applying the rule in a Title VII case); *EEOC v. HBE Corp.*, 135 F.3d 543 (8th Cir. 1998) (same). The parties vigorously dispute whether we should adopt that rule.

We question the parties' joint assumption, which is shared by the Secretary of Labor and the Equal Employment Opportunity Commission, as amici curiae, that the so-called "manager rule" differs from *Kasten*'s "fair notice" rule; the two rules likely are consistent. *Compare Kasten*, 131 S. Ct. at 1335 ("[A] complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as *an assertion of rights protected by the statute and a call for their protection*." (emphasis added)), *with McKenzie*, 94 F.3d at 1486–87 ("[T]he employee must [take certain actions] or otherwise engage in activities that reasonably could be perceived as *directed towards the assertion of rights protected by the FLSA*." (emphasis added) (footnote omitted)). But we find it unnecessary to weigh in definitively on that question. Whether the manager rule is broader, narrower, or the same, the Supreme Court's opinion in *Kasten* controls and provides the legal rule of decision.

We decline to refine the Supreme Court's general formulation of the rule when applied to complaints by a manager. Because *Kasten* requires consideration of the content and context of an alleged FLSA complaint, the question of fair notice must be resolved on a case-by-case basis. An employee's managerial position is only one consideration, and the Supreme Court's general rule provides

adequate guidance for considering that fact. Moreover, an employee's status as a "manager" is not entirely binary. A different perspective on fair notice may apply as between a first-level manager who is responsible for overseeing day-to-day operations and a high-level manager who is responsible for ensuring the company's compliance with the FLSA. Refining the general rule to focus on only one specific factual element may obscure important nuances.

We solicited the views of the Department of Labor and the Equal Employment Opportunity Commission because the views of those agencies are entitled to some weight when interpreting § 215(a)(3). *Kasten*, 131 S. Ct. at 1335. The agencies submitted a helpful joint brief urging us to apply *Kasten*'s "fair notice" rule as the rule of decision. Having found their view persuasive on that point, we turn now to the task of applying *Kasten*'s rule to the record in this case.

B.  *The Facts*

Because the district court granted summary judgment in Defendants' favor, we must accept Plaintiff's version of the facts.  *Id.* at 1330.  We must assess whether Plaintiff's complaints were "sufficiently clear and detailed for a reasonable employer to understand [them], in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Id.* at 1335. We hold that a reasonable jury could find that Plaintiff's advocacy reached the requisite degree of formality to constitute protected activity under § 215(a)(3).

Throughout her tenure, Plaintiff served as either the Manager of Human Resources or Director of Human Resources.  Because a person with those titles generally is

tasked with employment-related decisions, reports on a company's compliance with employment-related statutes ordinarily would not put the employer on notice that the manager was filing a complaint within the meaning of § 215(a)(3). Critically, however, ensuring compliance with the FLSA was *not* Plaintiff's responsibility. Instead, Plaintiff's boss "considered himself solely responsible for FLSA compliance" and "did not understand, appreciate, or welcome [Plaintiff's] bringing to his attention the FLSA violations."

Despite that arrangement, Plaintiff complained orally to management on at least eight occasions that the company was not in compliance with the FLSA. She provided copies of the statute on some occasions, along with specific assertions concerning misclassification of a large number of employees and requests for changes in payment of wages for those employees. Additionally, Plaintiff raised the subject of FLSA violations in at least 27 weekly and monthly reports to her superiors.

Plaintiff's boss disapproved of Plaintiff's complaints and expressed frustration with her actions. In March 2011, he nevertheless agreed to take some actions aimed at addressing Plaintiff's FLSA complaints. But "he made clear to [Plaintiff] . . . that he did not want or expect [her] to determine whether the company was actually implementing" those changes. Plaintiff later discovered that, in her view, the company was not implementing the changes. On May 26, 2011, she documented the company's non-compliance with the FLSA and complained to her boss. Five days later, her boss fired her.

Viewing the evidence in the light most favorable to Plaintiff, the company understood these interactions to be complaints on the subject of FLSA compliance. That is, her superiors actually understood (or reasonably should have understood) that Plaintiff was asserting rights protected by the FLSA and was calling for their protection. Because FLSA compliance was *not* part of Plaintiff's job portfolio, her advocacy for the rights of employees to be paid in accordance with the FLSA could not reasonably have been understood (if it was) merely to be a part of Plaintiff's regular duties.

Accordingly, we reverse the summary judgment in favor of Defendants and remand this case for further proceedings. We do not address Plaintiff's state-law claim because Plaintiff abandoned that claim on appeal by stating that she would not seek to reopen it even if her appeal were successful. Plaintiff further concedes that she cannot refile this claim in any other court because it is barred by the statute of limitations.

**REVERSED and REMANDED.**

BENSON, District Judge, dissenting:

The FLSA provides that it is unlawful for an employer

> to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such

proceeding, or has served or is about to serve
on an industry committee[.]

29 U.S.C. § 215(a)(3). Relying on this provision, the court
below found for the employer because it held that "[a]ll of
[Plaintiff's] actions ...fell within the ambit of her managerial
duties" and she did not "tak[e] a position adverse to that of
[her employer.]" I would affirm the district court's judgment
on that ground and hold, consistent with every circuit to have
previously addressed the issue, that the Fair Labor Standards
Act of 1938 (FLSA), 29 U.S.C. § 215(a)(3), requires a
manager to step outside of his or her role as a manager in
order to file a complaint. I therefore disagree with the
majority's opinion and respectfully dissent.

In *McKenzie v. Renberg's Inc.*, the United States Court of
Appeals for the Tenth Circuit became the first appellate court
to announce that to "file any complaint" must necessarily
require something more of managers than lower-level
employees (the "manager rule"). 94 F.3d 1478, 1487 (10th
Cir. 1996). In *McKenzie*, a personnel director sought
protection under § 215(a)(3) when she was fired after
reporting her FLSA concerns to the company president
regarding the computation of overtime. *Id.* at 1481. The
Tenth Circuit held that the plaintiff "never crossed the line
from being an employee merely performing her job as
personnel director to an employee lodging a personal
complaint about the wage and hour practices of her employer
and *asserting* a right adverse to the company." *Id.* at 1486
(emphasis in original). The *McKenzie* court reasoned:
"Despite our expansive interpretation of § 215(a)(3), we have
never held that an employee is insulated from retaliation for
participating in activities which are neither adverse to the
company nor supportive of adverse rights under the statute

which are asserted against the company." *Id.* The Tenth Circuit further noted that "it is the assertion of statutory rights (i.e. the *advocacy* of rights) by taking some action adverse to the company–whether via formal complaint, providing testimony in an FLSA proceeding, complaining to superiors about inadequate pay, or otherwise–that is the hallmark of protected activity under § 215(a)(3)." *Id.* (emphasis in original).

Following *McKenzie*, three other circuits–the First, Fifth, and Sixth–have been presented with the question of how to apply § 215(a)(3) to managers. All of them adopted the manager rule. *Pettit v. Steppingstone*, 429 F. App'x 524, 530 (6th Cir. 2011) (unpublished); *Hagan v. Echostar Satellite, LLC*, 529 F.3d 617, 627 (5th Cir. 2008); *Claudio-Gotay v. Becton Dickinson Caribe, Ltd.*, 375 F.3d 99, 103 (1st Cir. 2004). The majority asserts that other circuits adopted the manager rule "[w]ithout the benefit of *Kasten*'s generalized 'fair notice' rule . . . [.]" (Maj. op. at 9.) I disagree that *Kasten* applies here or that our sister circuits would have decided differently post-*Kasten*.

The sole question at issue in *Kasten* was whether "'an oral complaint of a violation of the Fair Labor Standards Act' is 'protected conduct under the [Act's] anti-retaliation provision.'" *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 131 S. Ct. 1325, 1330 (2011) (citations omitted). The employee in *Kasten* was not a manager; he was an hourly manufacturing and production worker– the quintessential non-managerial employee–who orally complained to management about the company's failure to pay his hourly wage for time spent donning and doffing protective wear. *Id.* at 1329–30. In that context, the Supreme Court determined that oral complaints fell within the scope of

the phrase "filed any complaint" under the FLSA. *Id.* at 1336.

The Court also noted that an employer "must have fair notice that an employee is making a complaint that could subject the employer to a later claim of retaliation." *Id.* at 1334. The Court did not opine as to what would constitute "fair notice" in the context of a complaint by a manager. The "fair notice" rule was merely instructive as to when an oral complaint is sufficient to rise to the level of protection from retaliation under the FLSA. *Kasten* provides only general guidance here and leaves undisturbed the well-reasoned opinions of four sister circuits regarding the specific application of § 215(a)(3) to managers.

Furthermore, *Kasten* supports the application of the manager rule. In reaching the conclusion that "filed any complaint" encompassed oral complaints, the Court held that "the phrase 'filed any complaint' contemplates some degree of formality . . . [.]" *Id*. at 1334. The Court repeatedly referenced "oral grievances," *id.* at 1333, in connection with "workplace grievance procedures," *id.* at 1334, and emphasized that including oral complaints in the definition of "any complaint" allows for the use of "hotlines, interviews, and other oral methods of receiving complaints," *id.* at 1334, as well as other "desirable informal workplace grievance procedures." *Id.* The examples of oral complaints provided by the Supreme Court in *Kasten* contemplate a degree of formality not found here. Hotlines, interviews, and informal workplace grievance procedures all alert an employer to a complaint in a way that comments from a manager–even "consisten[t] and vigorou[s]" comments like those made by Plaintiff–do not. The manager rule is consistent with *Kasten*,

by requiring a level of formality that shows the complainant has become adverse to the employer.

The Supreme Court's reliance on the relative disadvantage of employees with respect to their employers also indicates that *Kasten* did not address, or intend to preclude, the application of a manager rule. The Court noted that an oral complaint procedure is necessary because workers may "find it difficult to reduce their complaints to writing, particularly illiterate, less educated, or overworked workers . . ." and that "these were the workers most in need of the Act's help." *Id*. at 1333. Such disadvantage is entirely absent in the context of an upper-level manager like Plaintiff.

The majority claims to preserve the manager rule but, in reality, eliminates it. They accomplish this by focusing on the following language in *Kasten*:

> A complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection.

*Kasten*, 131 S. Ct. at 1335.

The majority uses this sentence from *Kasten*–a case that had nothing whatsoever to do with managers–as the basis for what they claim is a "fair notice" test, that must be applied in all § 215(a)(3) cases, including cases involving managers. But there is nothing in *Kasten*, no matter how long or hard one looks, to indicate that the Supreme Court was announcing such an all purpose test, and certainly nothing to suggest the

Court was expressing any view at all on a case involving a manager.

The majority then, having set up this unsupported test, claims that it necessarily leads to a jury question in the present case. In the process, the majority accomplishes its goal of defining "filing a complaint" in the manner they prefer, which is to say broadly enough to include the internal statements of concern over FLSA policy expressed by the Plaintiff to other managers in the instant case.

The majority then concludes its analysis by stating:

> We further hold that, on this record and applying *Kasten*'s "fair notice" rule, a jury reasonably could find that Plaintiff Alla Josephine Rosenfield, a managerial employee, filed such a complaint.

(Maj. op. at 4.)

Given the way the majority set up the issue, it would be impossible for a jury in the present case *not* to find that a complaint had been filed. How could a jury decide otherwise after being told that "filing any complaint" means "an assertion of rights protected by the statute and a call for their protection?" That is precisely what Ms. Rosenfield did. The majority's approach defines "filing any complaint" to encompass the statements of a manager who in any way expresses a point of view regarding the employer's compliance (or non-compliance) with the requirements of the FLSA.

By such reasoning, the majority eliminates altogether the essence of the manager rule as recognized by our sister circuits and improperly claims Supreme Court precedent requires such a result. In doing so, the majority applies *Kasten* where it has no application and formulates a jury question that is nothing more than an interpretation of law.

Moreover, remarkably, the majority's opinion results in a process that gives managers more protection under the Act than non-managers. There is no way one can read *Kasten* and not see that a regular rank-and-file employee must step outside of her job and become adversarial to her employer in order to have protected status. A rank-and-file employee's complaints and concerns about what the employee perceives as her employer's non-compliance with the FLSA will not satisfy the Act's requirement of "filing any complaint" until she effectively conveys her point of view to the company in a manner that shows she is adverse to the employer. Comments to co-workers will not suffice. But the majority's reasoning allows a manager to be protected simply by expressing her point of view to other managers, internally, about what she perceives as the company's non-compliance with the FLSA. It is a strange result the majority reaches which treats upper management better than the rank-and-file non-management employees for whom the Act's protections are primarily designed. *See Kasten*, 131 S. Ct. at 1333 (finding non-management personnel to be "the workers most in need of the Act's help").

In dissent, all I ask for, to comply with the statute, is some showing that Ms. Rosenfield stepped outside of her role as a manager and did something to become adverse to her employer, by filing some type of formal adversarial

complaint. I find nothing in *Kasten* that supports the result reached by the majority.

Furthermore, the manager rule is supported by the text and history of the FLSA. The FLSA protects employees who file any "complaint." 29 U.S.C. § 215(a)(3). The phrase "filed any complaint"–in 1938 as now–suggests an adversarial process. To start a civil or criminal proceeding, one files a complaint. *See Black's Law Dictionary* 380 (3d ed. 1933); *see also Kasten*, 131 S. Ct. at 1325 (looking to 1938 definitions when interpreting the phrase "filed any complaint"). Even in a non-legal context, the term "complaint" connotes adversity. *See Webster's New International Dictionary* 546 (2d ed. 1934) (defining "complaint" as "[e]xpression of grief, regret, pain, censure, grievance, or resentment"). When a manager, as part of his or her job duties, alerts the company that it may not be in compliance with the FLSA, one ordinarily would not understand that report–even if zealously presented–as a "complaint." Instead, it would be understood as taking a position on a matter of company concern in order to further the company's interests.

Consistent with that historic understanding of what it means to "file any complaint," and the well-reasoned opinions of four sister circuits and the Supreme Court in *Kasten*, I would affirm the district court's ruling that there is nothing alleged in the Plaintiff's complaint to indicate that she stepped out of her role as director of human resources to file a complaint against her employer within the meaning of the FLSA.